## John M. Way *vs.* J. M. Carlisle & another.

Under Gen. Sts. *c.* 124, § 13, one who is arrested on an execution in favor of a plaintiff who does not reside in the county where the arrest is made, and has no agent or attorney who lives in the county or has his usual place of business therein, may give notice of his intention to take the oath for the relief of poor debtors to the plaintiff personally or to his agent or attorney.

CONTRACT on a recognizance taken under Gen. Sts. *c.* 124, § 10, with condition that the judgment debtor, who had been arrested on an execution in favor of the plaintiff, should within thirty days deliver himself up for examination, giving notice of the time and place thereof, and duly appear, making no default, and abide the final order of the magistrate thereon.

At the trial in the superior court, before *Wilkinson*, J., it appeared that the arrest was made in Middlesex County on an execution issued upon a judgment rendered in the superior court of Suffolk County. The plaintiff was not a resident of Middlesex County, and no agent or attorney of his lived or had a usual place of business therein. The notice to take the oath was served upon the plaintiff in Suffolk County. The only question raised was whether the notice could properly be served upon the plaintiff, instead of upon the officer who made the arrest; and the judge ruled that it could, and a verdict was accordingly rendered for the defendants. The plaintiff alleged exceptions.

*E. M. Bigelow*, for the plaintiff, cited *Putnam* v. *Williams*, 2 Allen, 73; *Carroll* v. *Rogers*, 4 Allen, 70; *Whittier* v. *Way*, 6 Allen, 288; *May* v. *Foote*, 7 Allen, 354; *Hyatt* v. *Felton*, 9 Allen, 378.

*N. C. Berry*, for the defendants.

HOAR, J. The service of the notice was sufficient under Gen. Sts. *c.* 124, § 13. The plaintiff relies upon the language of Mr Justice Dewey, in giving the opinion of the court in *Putnam* v *Williams*, 2 Allen, 73; who said that "the service upon the plaintiff is by the statute limited to the case of a plaintiff resident within the county where the arrest is made." But this

language was used in reference to the case then under consideration, in which it appeared that the attorney for the plaintiff had his usual place of business in the county in which the arrest was made. As applied to that case, the statement was perfectly accurate. In the case at bar the facts are wholly different, and we are called upon to construe and apply another provision of the statute.

The general provision is that service shall be made upon the creditor or plaintiff or his agent or attorney. An exception is afterward made to this requirement, to the effect that when the plaintiff or creditor is dead or not a resident in the county where the arrest is made, the notice shall be served upon the agent or attorney, if he lives in the county or has his usual place of business therein. This direction was held in *Putnam* v. *Williams* to be imperative. If, however, no such agent or attorney is found within the county, it is farther provided that the notice may be served on the officer who made the arrest. The plaintiff contends that " may " in this last clause has the force of " shall ; " but such is not the natural import of the word, and we see no reason to suppose that such a meaning was intended by the legislature. The earlier statute of 1855, *c.* 444, § 4, provided that in such a case the officer to whom the service was committed should return the facts, and thereupon the subsequent proceedings should be had without notice. This provision was omitted in *St.* 1857, *c.* 141, and in its stead was inserted the clause that in such case notice " may " be served upon the officer, which has been reënacted in the General Statutes.

When the statute uses " shall " in two clauses, and substitutes " may " in a third, it is not to be supposed, without some reason, that the change in phraseology is without a purpose. And we think the reason for the change may readily be found. It is a provision for the convenience of the debtor, so that he may at all events find some person upon whom to serve the notice within the county. But the officer who makes the arrest has no duty to perform in consequence of the notice, unless by some arrangement between him and the creditor. He is not required to appear and oppose the discharge of the debtor. But the

object of the notice is to give the creditor an opportunity to appear and contest the debtor's application. If he does not reside in the county, and has no attorney or agent to be found there, it seems to have been thought unreasonable to require the debtor to send to a greater distance to find him; and he may arrange with the officer to transmit to him any notice that he may receive. But the service on the officer is in such case permissive and not imperative. The general direction to make service on the creditor or his attorney or agent remains; and if the debtor does not choose to adopt the alternative, and makes service on the creditor himself, the object is gained, and we can have no doubt that the service is sufficient. The absolute direction to serve upon the agent or attorney to the exclusion of the plaintiff or creditor is confined by the statute to the case where the agent or attorney lives or has his usual place of business in the county where the arrest is made. That case not occurring, and the agent not being found in the county, the debtor has his choice between the plaintiff, the attorney, and the officer.

*Exceptions overruled.*